**Robert J. BARDO, Plaintiff–Appellant,**

**v.**

**M. LOCKHART; et al., Defendants–Appellees.**

**No. 12–16121.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 19, 2013.

Robert J. Bardo, Blythe, CA, Pro Se.

Jose Zelidon–Zepeda, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

California state prisoner Robert J. Bardo appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his First Amendment rights by confiscating photographs of and materials referencing the actress that Bardo stalked and killed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001). We affirm.

The district court properly granted summary judgment on Bardo's retaliation claim because Bardo failed to raise a genuine dispute of material fact as to whether defendants took any adverse action in retaliation for his legal filings, or whether their actions did not reasonably advance legitimate penological interests. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (explaining the elements of a retaliation claim under § 1983).

The district court properly granted summary judgment on Bardo's claim challenging the California prison regulation justifying the confiscation because Bardo failed to raise a genuine dispute of material fact as to whether the regulation is not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.